IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RAHSHEIKE GREEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:19-CV-920-WHA [WO] |
| MAX SMITH (D.A.), *et al.,* | ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Russell County Jail in Phenix City, Alabama, filed this 42 U.S.C. § 1983 complaint on November 21, 2019. Originally, the court entered a Recommendation that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). The Recommendation was withdrawn after Plaintiff filed an objection in which he stated "I . . . didn't file for this. . . . I never did a 1983 form. I don't know who filed it." Doc. 5 at 1. Plaintiff's objection further indicated he wished to filed suit against the Assistant District Attorney. The court, therefore, entered an order on January 10, 2020, granting Plaintiff an opportunity to file an amended complaint which provided him with specific instructions regarding filing an amended complaint. Doc. 7. The court specifically advised Plaintiff "that this case will proceed only against the defendant(s) named and claim(s) presented in the amended complaint" and cautioned him that his failure to comply with the directives of the order would result in a Recommendation this case be dismissed. *Id.*

The time allowed Plaintiff to file the amended complaint expired on January 24, 2020. As of the present date, Plaintiff has failed to file an amended complaint as directed. Because of Plaintiff's failure to file the requisite amended complaint, the court concludes this case should be

dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is

ORDERED that **on or before April 8, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects. Plaintiff is advised that frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 25th day of March 2020.

                                            /s/   Charles S. Coody
                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE